## Isaac F. Williams *versus* Jacob B. Moore.

A sold to B his whole stock of crockery and glass ware, a part of which was at Concord, and a part at Portsmouth ; the part which was at Concord was delivered to B, and A having agreed to deliver to B, at Concord, the part which was at Portsmouth, employed a carrier to transport the goods from Portsmouth to Concord ; when the carrier arrived at Concord with the goods, B having failed in business, the goods were attached by a creditor of B, with his assent, but this was before the goods were delivered to B,— it was held that the delivery of part of the stock was not, under the circumstances, a delivery of the whole, and that A had a lien upon the goods not delivered, for the price.

TROVER for two crates of crockery ware, and one crate of jugs. The cause was submitted to the decision of the court upon the following facts.

Previous to the 8th October, 1828, Shute and Benton, partners in trade, in Concord, agreed with the plaintiff, a trader in the same place, to purchase his crockery and glass ware, including what he then had in his store, and two crates of crockery, and one crate of jugs, for which he had contracted in Portsmouth, but which he had not received ; and it was agreed, that the plaintiff should not keep any crockery for sale for one year from that time.

On the 8th October, 1828, the ware, which the plaintiff had in his store, was removed to the store of Shute and Benton, and charged to them in the books of the plaintiffs.

The amount of the ware in the crates at Portsmouth was not known, and Shute and Benton were to pay the amount charged in the bills to be furnished by Taylor and Waldron, of whom the plaintiff purchased, deducting twenty-five per cent.

On the 11th of the same October, Shute and Benton failed. But previous to that day, the plaintiff contracted with a common carrier to transport the said crates from Portsmouth to Concord. On the 13th of the same month,

the carrier arrived at Concord with the said crates, and his team was standing about a quarter of a mile from the stores of the plaintiff and of Shute and Benton, when the defendant, the sheriff of the county, by virtue of a writ in favor of Maine and Southgate, against Shute and Benton, with the consent of Shute and Benton, attached said crates, and has since sold them on an execution obtained in that suit.

After said crates were attached, but before they were removed from the place where the attachment was made, the plaintiff claimed the crates as his, and forbade the defendant to meddle with them.

*Fletcher*, for the plaintiff.

*R. Bartlett*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

This is a very plain case. The plaintiff sold to Shute and Benton all his crockery ware. It does not appear, that the vendees were to have any credit for the price. The plaintiff then had a lien upon the goods for the price, and a right to retain them until the price was paid. He had also a right to stop them *in transitu*, on the failure of Shute and Benton. 2 D. & E. 63, *Lukbarrow* v. *Mason* ; 1 H. Bl. 357, S. C. ; 6 East, 21, *note*, S. C. ; 4 Bing. 516 and 579 ; 6 B. & C. 422, *Coates* v. *Railton* ; 2 Caine's Rep. 44 ; 4 B. & C. 941, *Bloxam* v. *Sanders* ; 7 Mass. Rep. 453.

A part of the goods were at Concord, and a part at Portsmouth ; the goods at Concord were delivered. With respect to these, the contract was completed, and the title vested in Shute and Benton. But this delivery of the goods at Concord, was not a delivery of the goods at Portsmouth, and within the principle that a delivery of part, is in law, a delivery of the whole. That principle applies only where there has been a delivery of part of an entire cargo, or parcel, without any intent to separate that part from the rest. 1 New. Rep. 69, *Hammond* v. *Anderson* ; 2 H. Bl. 504, *Slubey* v. *Hayward* ; 4 Starkie's Ev. 1641.

The goods at Portsmouth were to be transported to Concord, and delivered to Shute and Benton, by the plaintiff, and until thus actually delivered to the vendees, they could not be considered as so in the possession of Shute and Benton, as to put an end to the plaintiff's lien, or to his right to stop *in transitu*.  2 M. & S. 397, *Bush* v. *Davis* ; 15 Johns. 349, *McDonald* v. *Hewett* ; 5 Taunt. 617, *Shepley* v. *Davis*.

The carrier was the agent of the plaintiff, and it does not appear that he had any authority to deliver the goods to Shute and Benton.   The circumstance that the goods were taken with their assent, is therefore wholly immaterial.   The goods were in possession of the plaintiff, and he had a right, under the circumstances, to reclaim them. They could not then be legally attached as the property of Shute and Benton by the defendant.   2 Starkie's N. P. C. 337, *Houlditch* v. *Desanges*.

*Judgment for the plaintiff.*